[Cite as *Cuyahoga Cty. Bd. of Health v. Harper*, 2017-Ohio-6882.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104611**

---

# BOARD OF HEALTH OF CUYAHOGA COUNTY

PLAINTIFF-APPELLEE

vs.

# AUGUSTUS L. HARPER, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
DISMISSED IN PART AND
REVERSED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-813928

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**FOR APPELLANTS**

Augustus L. Harper
Susan E. Buchanan
288 Bonds Parkway
Berea, Ohio 44017

Byron L. Harper
3700 Northfield Road, Suite 17
Highland Hills, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Brendan R. Doyle
Assistant Prosecuting Attorney
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendants-appellants, August Harper, Susan Buchanan and Byron Harper filed a notice of appeal from the grant of default judgment against Augustus Harper and Susan Buchanan and the grant of summary judgment against Byron Harper ("Harper").

{¶2} After a thorough review of the record, we reverse the judgment of the trial court as to the granting of summary judgment against Harper and dismiss in part and reverse in part the complaint against him.

**Facts and Procedural Background**

{¶3} On September 17, 2013 the Board of Health of Cuyahoga County, Ohio ("the Board") filed a complaint against Augustus L. Harper, Susan E. Buchanan and Byron Harper seeking injunctive relief and civil penalties related to "the illicit discharge of effluent and ecoli into the environment and failure to timely replace the household sanitary sewage system as ordered by the plaintiff, the Board of Health of Cuyahoga County."

{¶4} In its complaint, the Board alleged that "Augustus Harper and Susan Buchanan, at all times mentioned herein, are the owners of the property" at 27950 Emery Road, Orange Village, Ohio. The board further alleged that "[d]efendant, Byron Harper, is related to Defendant, Augustus Harper, and occupies the dwelling at the property * * * " and further, "upon information and belief, Defendant owners have permitted Defendant, Byron Harper, to rent or occupy the premises and the use of the dwelling continues to cause a nuisance."

{¶5} The trial court granted default judgment against Augustus L. Harper and Susan E. Buchanan for failure to answer the complaint. The trial court ordered the defaulting defendant-property owners to immediately replace the existing septic system at the property with an acceptable, working system and conform to relevant regulations. The court further enjoined the owners from further use of the current septic system and ordered them to vacate the premises if the septic system was not replaced by February 18, 2014.

{¶6} Harper filed a motion for summary judgment challenging the Board's allegation that the septic system constituted a nuisance. The trial court denied Harper's motion without requiring a response from the Board due to Harper's failure to attach any evidentiary material to support his motion.

{¶7} The Board filed a motion for summary judgment arguing that Harper lacked standing to challenge the nuisance finding and the trial court's order that the septic system be replaced. Alternatively, the Board argued it was entitled to summary judgment against Harper on the allegations of the complaint. The trial court rejected the latter argument but agreed with the Board that Harper lacked standing to challenge the complaint as a non-owner. However, the trial court incongruously then granted judgment against Harper on the same complaint.

**Law and Analysis**

**I. Assignments of Error Pertaining to Augustus L. Harper and Susan E. Buchanan**

{¶8} Subsequent to the filing of the notice of appeal, neither Augustus L. Harper or Susan E. Buchanan have pursued this appeal and, therefore, that portion of the appeal is dismissed. This includes the first, second, third and fourth assignments of error.[1]

**II. Harper's Motion for Summary Judgment**

{¶9} In his fifth assignment, Harper argues that the trial court erred in denying his motion for summary judgment. In denying the motion, the trial court correctly pointed out that Harper failed to support his various arguments with proper Civ.R. 56 evidentiary materials. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996 Ohio 107, 662 N.E.2d 264 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* In this instance, Harper failed to meet his burden.

{¶10} Harper's fifth assignment of error is overruled.

**III. The Board's Motion for Summary Judgment**

{¶11} In his sixth assignment, Harper argues that the trial court erred in granting summary judgment against him. We agree.

---

[1] In the fourth assignment of error Harper challenges the injunctive relief granted against Augustus L. Harper and Susan E. Buchanan as a result of their default. The trial court's order addressed only those defendants and no injunctive relief was issued against him personally.

{¶12} Although Harper apparently had been communicating with the Board on behalf of Augustus L. Harper, the Board, in its motion for summary judgment, identifies Harper as "the person occupying this property" and "the tenant" and refutes Harper's suggestions that were made throughout the pendency of the case that he has any equitable interest in the property because there was no evidence produced that shows a transfer of ownership interest in real property by written document.

{¶13} For some ambiguous reason, the Board joined Harper as a party in this matter although Cuyahoga County property records reflected that the titular owners were Augustus L. Harper and Susan E. Buchanan.

{¶14} The trial court's order granting summary judgment recognizes that there was no allegation in the complaint that Harper had an ownership or other legal interest in the property and further that Harper, in his answer to the complaint, did not assert any ownership or other legal interest only that he resided on the subject property.

{¶15} It is unclear to this court why the trial court granted judgment in favor of the Board and against Harper in that the trial court found:

[The Board of Health's] evidence on this point — Byron Harper's lack of legal interest — is uncontradicted. Based on the undisputed evidence, a trier of fact can come to but one conclusion, even though the evidence is most strongly construed in favor of Defendant Harper. That conclusion is that Byron Harper has no legal or other recognizable interest in the property to give him standing to defend or challenge [the Board of Health's]

complaint. Therefore, the Court must and does hereby grant judgment in [the Board of Health's] favor and against Defendant Byron Harper upon [the Board of Health's] complaint.

{¶16} The trial court's conclusion that Harper lacks standing to contest the complaint is plainly contradictory to its order granting judgment against him on the same complaint. A review of the complaint reveals that, while the Board named Harper as a defendant seemingly due to his residency on the property, no specific relief was sought against him. The prayer for relief was limited to injunctive relief compelling the property owners to immediately replace the existing septic system, conform their property to relevant regulations, refrain from transferring any interest into the property until the matter was remedied and cause any tenants to be evicted until the property was brought into compliance.

{¶17} Consistent with the complaint's lack of relief sought against Harper personally, the trial court's order granting judgment against him and in favor of appellees on the complaint fails to designate any particular relief. Instead, the trial court merely reiterated that the injunctive relief granted upon default judgment against the property owners remained outstanding. Finally, the record reflects that at some point following the trial court's grant of default judgment against the property owners and the institution of the related injunctive orders, Harper vacated the premises. Therefore, as a nonresident and nonowner, this court can conceive of no potential injunctive relief appellees could obtain against Harper at this time even if the complaint could be creatively construed to

include a prayer for such relief. There simply did not, and does not, exist any case or controversy as between the Board and Harper.

{¶18} Harper's sixth assignment of error is sustained.

{¶19} The judgment of the trial court granting summary judgment against Harper is reversed and the case is remanded to the trial court to enter an order of dismissal as to Byron Harper.

{¶20} Furthermore, the portion of the appeal concerning Augustus L. Harper and Susan E. Buchanan is dismissed.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LARRY A. JONES, SR., J., CONCUR